1998 OK CIV APP 88

### In re MID–CONTINENT TOWER LITIGATION.

**FLEET NATIONAL BANK, a national banking association, formerly named Shawmut Bank, N.A., a national banking association, formerly named Shawmut Bank of Boston, N.A., as Trustee under Collateral Trust Indenture dated as of June 1, 1984, Plaintiff/Appellee,**

**v.**

**FOURTH STREET ASSOCIATES, an Oklahoma limited partnership, formerly named Mid–Continent Associates; Greater Southwestern Funding Corporation, a Delaware corporation; RMM Corporation, a Delaware corporation; Blythe Eastman Paine Webber Servicing, Inc., a Delaware corporation; and Reading & Bates Corporation, a Delaware corporation, Defendants,**

**Carol Byrd, individually or alternatively, derivatively on behalf of Mid–Continent Associates, an Oklahoma limited partnership, itself derivatively on behalf of Fourth Street Associates, an Oklahoma limited partnership, Intervening Plaintiff/Appellant.**

**No. 91057.**

Court of Civil Appeals of Oklahoma, Division No. 3.

May 26, 1998.

---

Don E. Williams, Tulsa, for Intervening Plaintiff/Appellant.

Todd A. Nelson, Roy C. Breedlove, David C. Cameron, Oklahoma City, for Plaintiff/Appellee.

## OPINION

HANSEN, Judge:

¶ 1 Intervening Plaintiff/Appellant, Carol Byrd, seeks review of the trial court's order dismissing her petition in intervention. The trial court previously granted Byrd leave to intervene, but after the matter was assigned to a different trial judge, Plaintiff, Fleet National Bank (Trustee), moved to dismiss the petition in intervention. The underlying action is a suit to foreclose a mortgage on the Mid–Continent Tower in downtown Tulsa, Oklahoma. According to Trustee, Paine Webber Incorporated (Paine Webber) formulated a plan in the early 1980s for a group of investors to buy the building and lease it to Reading & Bates Corporation (Reading & Bates), a company engaged in diversified energy businesses. Paine Webber put together the financing of the plan through both debt and equity investments.

¶ 2 Defendant, Fourth Street Associates (Fourth Street), is the limited partnership formed to purchase the building. Fourth Street in turn is owned by Mid–Continent Associates (MCA), itself a limited partnership. The equity investors, including Byrd, became limited partners in MCA. Fourth Street then issued bonds, in June 1984, to provide the debt part of the financing of the purchase. Trustee is the bond indenture trustee for the holders of the bonds. The bonds were secured by a mortgage on the property and by assignment of the lease, which was structured as a lease from Fourth Street to RMM Corporation (RMM) with a sublease from RMM to Reading & Bates. Byrd alleged Paine Webber is the alter ego of RMM and controlled the various entities on all sides of the transaction such that it acted in the roles of owner, maker, obligee, issuer of public debt, lessor, lessee, investment banker, and fiduciary to the limited partners. She alleged Paine Webber received large fees from acting in these roles while passing all risk and liability to Byrd and her fellow investors.

¶ 3 According to Trustee, Reading & Bates defaulted on the sublease as a result of the adverse conditions in the oil and gas industry in the 1980s. RMM then defaulted on the lease and Fourth Street defaulted on

the bonds. Trustee reached a settlement with Reading & Bates and released it from the sublease. After attempts to lease the property failed, Trustee brought the instant action.

¶ 4 Byrd's petition for intervention sought to apply 24 O.S.1991 § 4 and 42 O.S. 1991 § 17 to require Trustee to marshal its claim against RMM for breach of the lease before proceeding with foreclosure of the mortgage. Trustee moved to dismiss for failure to state a claim because (1) marshaling is inapplicable to the facts of this case, and (2) Fourth Street waived any right to marshal by specific language in the mortgage. The trial court agreed with Trustee and dismissed the petition in intervention.

¶ 5 A petition may not be dismissed for failure to state a claim unless it appears beyond doubt the petitioner can prove no set of facts entitling her to relief. *Dyke v. Saint Francis Hosp., Inc.,* 1993 OK 114, 861 P.2d 295, 298. Byrd bases her claim upon the following statutes:

42 O.S.1991 § 17

Where one has a lien upon several things, and other persons have subordinate liens upon or interests in, some but not all of the same things, the person having the prior lien, if he can do so without the risk of loss to himself, or injustice to other persons, must resort to the property in the following order, on the demand of any party interested:

1. To the things upon which he has an exclusive lien;

2. To the things which are subject to the fewest subordinate liens;

3. In like manner inversely to the number of subordinate liens upon the same thing; and,

4. When several things are within one of the foregoing classes, and subject to the same number of liens, resort must be had,—

(a) To the things which have not been transferred since the prior lien was created;

(b) To the things which have been so transferred without a valuable consideration; and,

(c) To the things which have been so transferred for a valuable consideration.

24 O.S.1991 § 4

Where a creditor is entitled to resort to each of several funds for the satisfaction of his claim, and another person has an interest in or is entitled as a creditor to resort to some but not all of them, the latter may require the former to seek satisfaction from those funds to which the latter has no such claim, so far as it can be done without impairing the right of the former to complete satisfaction, and without doing injustice to third persons.

In applying statutes, we seek to discern and give effect to the intent of the Legislature as expressed by the plain language of the statute. *Curtis v. Board of Educ. of Sayre Public Schools,* 1995 OK 119, 914 P.2d 656, 659. Byrd characterizes Trustee's claim against RMM for breach of the lease as an alternative item of collateral. However, such a claim is neither a thing upon which the Trustee has a lien within the meaning of 42 O.S.1991 § 17 nor a fund within the meaning of 24 O.S.1991 § 4. It is merely an unadjudicated right of action. The claim potentially could be adjudicated in RMM's favor. It cannot ripen into a lien or fund subject to marshaling until and unless it is adjudicated in the Trustee's favor and reduced to a judgment lien.

¶ 6 Accordingly, we hold Byrd's petition in intervention failed to state a claim upon which relief may be granted. The order of the trial court dismissing her petition is **AFFIRMED.**

ADAMS, J., and BUETTNER, P.J., concur.